IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br>v.<br><br>**DANIELA COTA-GUITIMEA**<br><br>              Defendant. | Case No. CR **19-CR-01300-MV** |

**DEFENDANT DANIELA COTA-GUITIMEA'S APPEAL OF DETENTION ORDER**

COMES NOW, Daniela Cota-Guitimea, by and through her counsel of record, Sarah M. Gorman., and pursuant to 18 U.S.C. § 3145 (b) and ©, appeals the Order of detention entered by the Magistrate Judge. (doc. 7) This appeal is to the District Court. Specifically, Ms. Cota-Guitimea asks that this Court reverse the detention order and allow Ms. Cota-Guitimea to reside with her aunt in Tucson, AZ under the supervision of pre-trial services. Alternatively, Ms. Cota-Guitimea asks that this Court follow pre-trial services' original recommendation of release to La Pasada Halfway House.

**I. PROCEDURAL HISTORY**

Ms. Cota-Guitimea was arrested on April 16, 2019 for Possession of 400 grams or more of Fentanyl with intent to distribute, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(a).

A probable cause and detention hearing were held on April 18, 2019. After probable cause was found, the magistrate judge determined that the rebuttable presumption of detention had in fact been rebutted. *See* Order of Detention Pending Trial, Doc. 7. However, the court found that there was clear and convincing evidence that Ms. Cota-Guitimea was a danger to the community and by a preponderance of the evidence that she was a flight risk. An indictment was filed on May 7, 2019, Doc. 10, followed by an arraignment on the indictment on May 13, 2019. After granting Defense Counsel's request for a continuance, trial is currently set for August 26, 2019. However review of discovery is still on-going and an additional request for continuance has been filed.

The government opposes this appeal of the detention order. Pre-Trial Services maintains its recommendation that Ms. Cota-Guitimea be released to La Pasada Halfway House. Regarding, Ms. Cota-Guitimea's request to be allowed to reside with her aunt in Tucson, Pre-Trial Services has vetted Ms. Cota-Guitimea's aunt and leaves the decision to the Court's discretion.

## II.  MS. COTA-GUITIMEA'S BACKGROUND

Daniela Cota-Guitimea is only 20 years old. She is a United States citizen, born in Tucson, AZ. She has spent most of her life living either in Tucson with her aunt Maritza Navarro or in Mexicali with her mother and stepfather. Ms. Cota-Guitimea's mother moved to Mexicali when Ms. Cota-Guitimea was a young child. As a teenager, Ms. Cota-Guitimea moved to Tucson to live with her aunt. Ms. Cota-Guitimea remained in Tucson throughout her teenage years. When she was fifteen, she had her first child, who is now five years old. She had two additional children who are each three and one year old.

Although Ms. Cota-Guitimea did not finish high school, she has a consistent work history.  Most recently Ms. Cota-Guitimea was working in the fields in the area around El Centro, CA.  Ms. Cota-Guitimea has several relatives in the Tucson and Phoenix areas.  These include two aunts, an uncle, and a cousin.  All are willing to help Ms. Cota-Guitimea in whatever way they can.  Unfortunately, Ms. Cota-Guitimea does struggle with drug addiction.  She has been clean since her arrest and would gladly attend counseling and out-patient treatment while on pre-trial services supervision.  She wishes to lead a sober life and needs the tools and skills to be able to do, but no such help is available to her while in custody at this time.

Ms. Cota-Guitimea has no criminal convictions.  Although she does not have community connections to New Mexico, she does have significant connections to the Tucson and Phoenix area, as well as another aunt in San Diego, CA.  Before her arrest, Ms. Cota-Guitimea had been making plans to move to Tucson with her children and live with her aunt.  She has no desire to reside or visit Mexico and both her stepfather and mother can obtain visas to visit her in the United States.

### III.

### APPLICABLE LAW AND ARGUMENT

A defendant ordered detained by a Magistrate Judge may seek review before the district court. 18 U.S.C. § 3145(b). The district court conducts a *de novo* review of the facts with no deference to the magistrate judge's findings. *See United States v. Koening,* 912 F.2d 1190, 1192 (9th Cir. 1990).  Congress imposed procedural safeguards designed to limit detention to only those

instances when it is clearly necessary. *United States v. Holloway*, 781 F.2d 124, 125-126 (8th Cir. 1986); S.Rep. No. 225, 98th Cong. 1st Sess. 8 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3191 (recognizing the detention statute may be constitutionally defective if it "fails to provide adequate safeguards and does not limit pretrial detention to cases in which it is necessary to serve the societal interests it is designed to protect"). Any doubts regarding release should be resolved in the defendant's favor. *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990). As a result, only in "rare" cases should pretrial release be denied. *Id.*; *See also United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)(pretrial detention is an exceptional step); *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987)(pretrial detention is appropriate for only a limited group of offenders).

Under the Bail Reform Act, a defendant may be detained pending trial only if a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The district court may make such a finding only after holding a hearing according to the procedures specified in § 3142(f), and the United States bears the burden of proof at that hearing. The United States must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or to the community by clear-and-convincing evidence. *See United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003); 18 U.S.C. § 3142(f).

Additionally, in determining whether an accused should be released or detained prior to trial, 18 U.S.C. § 3142(g) directs the court to consider the following factors:

> (1) [T]he nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

>    (2) the weight of the evidence against the person;
>
>    (3) the history and characteristics of the person, including
>
>    (A)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>    (B)   whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>    (4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

While the offense with which Ms. Cota-Guitimea is charged carries a presumption in favor of detention pursuant to 18 U.S.C. § 3142, Ms. Cota-Guitimea submits that she has overcome that presumption. "Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government." *United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th Cir. 1991). The defendant's burden of production is not heavy, but some evidence must be produced. *Id.* A court generally cannot detain an accused unless there is no condition or combination of conditions that will reasonably assure the appearance of the person as required, and the safety of any other person and the community. *See* 18 U.S.C. § 3142(b).

Analysis under 18 U.S.C. §3142(g) favors release of Ms. Cota-Guitimea to either reside with her aunt in Tucson or to pre-trial services' recommendation of La Pasada Halfway House.

**Nature and Circumstances of the Offense**. Ms. Cota-Guitimea is charged with

a non-violent drug offense. She was compliant with all law-enforcement. Ms. Cota-Guitimea is presumed innocent of the offense and the weight of the evidence against her is the least important factor to be considered by the Court. *See United States v. Cardenas*, 784 F.2d 937 (9th Cir. 1986).

**History and Characteristics of Individual**. Ms. Cota-Guitimea is very young, at only 20 years old. She has no criminal convictions and has been doing her best support her three young children by working in the fields of the Imperial Valley, CA. Ms. Cota-Guitimea has the support of her family, including several relatives living in Arizona.

**History Relating to Drug and Alcohol Use.** Ms. Cota-Guitimea does have a history of drug use. She has been clean while in custody and would benefit greatly from drug treatment, which is not available to her in custody.

**Criminal History -** Ms. Cota-Guitimea has no criminal convictions. She does have an apparent arrest for importation of drugs, however no charges were pursued.

**Nature and Seriousness of Danger to Others or Community.** Ms. Cota-Guitimea has no history of violence nor do the instant charges involve violence. The fact that the charges against Ms. Cota-Guitimea involve narcotics is not sufficient to show future risk of danger to the community. *See United States v. Carbone*, 793 F.2d 559, 561 (3rd Cir. 1986).

Ms. Cota-Guitimea has sufficiently rebutted the presumption of detention. She is not a danger to the community nor a flight risk. Ms. Cota-Guitimea requests that the Court release her to her aunt Maritza Navarro in Tucson, with pre-trial supervision. Ms. Navarro is willing to have Ms. Cota-Guitimea stay with her and will follow all restrictions set by pre-trial services. All of Ms. Cota-Guitimea's family in Tucson, AZ is willing to support Ms. Cota-Guitimea in whatever way they can. Alternatively, Ms. Cota-Guitimea requests the Court to follow pre-trial services recommendation of release to La Pasada Halfway House.

WHEREFORE, Ms. Cota-Guitimea requests that the Court hold a hearing and that she be granted release to her aunt Maritza Navarro or to La Pasada Halfway House.

Respectfully Submitted,

By: */s/ Sarah M. Gorman*

Sarah M. Gorman
Attorney for Defendant
1201 Lomas NW, Suite A
Albuquerque, NM 87102

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing Document was served electronically through the CM/ECF system, which caused electronic service of this document upon the assigned AUSA Matthew Nelson  and all other parties in this matter.

                                                    /s/ *Sarah M. Gorman*

                                          _____
                                          Sarah M. Gorman
                                          Counsel for Defendant